UNITED STATES of America, Appellee,

v.

**Keith BROYLES, Appellant.**

**No. 85–1180.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1985.

Decided June 13, 1985.

Wayne Dunn, Fayetteville, Ark., for appellant.

W. Asa Hutchinson, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Keith Broyles appeals a judgment of conviction following a jury verdict finding him guilty of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. The indictment alleged that Broyles, along with others, was involved in the purchase, transportation and distribution of cocaine from Florida to Arkansas during the months of March through August of 1984. On appeal, Broyles claims that there was insufficient evidence to support the jury's verdict and that the district court erred in refusing to give an instruction regarding the credibility of witnesses who are drug addicts. We affirm.

It is not disputed here that a drug conspiracy existed. However, Broyles insists that the testimony of the principal witnesses, admitted coconspirators, was so inconsistent and conflicting as to be largely incredible. Broyles says the credible evidence failed to show beyond a reasonable doubt that he knew the conspiracy existed and voluntarily became a part of it.

Conspirator James Patterson testified that he made a number of trips from Arkansas to Florida to purchase cocaine from Randy Lee for John Carson. Broyles drove Patterson to Florida on one such trip and brought him back from Florida on another. On the return trip from Florida a quantity of cocaine, some two or three ounces, was secreted in a golf bag in the Broyles auto. A smaller quantity was in plain view on the front seat and was "snorted," at least by Patterson. Later, in Fayetteville, Arkansas, Broyles is said to have delivered, or assisted in delivering, cocaine to Carson.

It is quite true that the evidence was in conflict and much of it tended to exonerate Broyles. It is likely also that Broyles was not a leader in the conspiracy.[1] However, the evidence of guilt was substantial and

---

1. At sentencing The Honorable H. Franklin Waters, Chief Judge, United States District Court, Western District of Arkansas, appeared so to believe. Sentence of eighteen months, with six months to serve, was imposed.

its credibility was properly a question for the jury. " '[O]nce the government has established the existence of a conspiracy, even slight evidence connecting a particular defendant to the conspiracy may be substantial and therefore sufficient proof of the defendant's involvement in the scheme.' " *United States v. Michaels,* 726 F.2d 1307, 1311 (8th Cir.), (quoting *United States v. Overshon,* 494 F.2d 894, 896 (8th Cir.), *cert. denied,* 419 U.S. 853, 95 S.Ct. 96, 42 L.Ed.2d 85 (1974)), *cert. denied,* —— U.S. ——, 105 S.Ct. 92, 83 L.Ed.2d 38 (1984).

Testimony, though conflicting, that Broyles knew the purpose of at least one of the trips to Florida, provided transportation for return of cocaine to Arkansas and participated in delivery of cocaine to Carson, considered along with all the other evidence in the case, was more than sufficient to support the guilty verdict.

Broyles also argues that the court erred in refusing to give a proffered instruction regarding the credibility of witnesses who are drug addicts. Both Patterson and Carson testified that they were users of cocaine.

In *United States v. Hoppe,* 645 F.2d 630, 633 (8th Cir.), *cert. denied,* 454 U.S. 849, 102 S.Ct. 170, 70 L.Ed.2d 138 (1981), we refused to adopt a per se rule that an addict-informant instruction must always be given at the request of the defendant. Instead, this court aligned itself with those circuits holding that the need for such an instruction depends on the circumstances of each case. Several factors "obviate the need for an addict-informant instruction: a dispute as to whether the informant is actually an addict; cross-examination concerning the informant's addiction; an instruction alerting the jury that an informant's· testimony should be viewed with care; and corroboration of the informant's testimony." *Id.* at 633 (citations omitted). We find all of these factors present in this case. First, the record is unclear whether either Carson or Patterson actually was a drug addict. Both Patterson and Carson testified on cross-examination of their use of cocaine and its effects. Moreover, the

district court did, in fact, carefully weigh the addict request and appropriately instruct the jury to view an informant's testimony with caution. Finally, the testimony of both Patterson and Carson is corroborated to an extent by the testimony of other government witnesses.

Accordingly, the conviction is affirmed.